1  MICHAEL A. LAURENSON (SBN: 190023)
   NICOLE C. HARVAT (SBN: 200469)
2  GORDON & REES LLP
   Embarcadero Center West
3  275 Battery Street, Suite 2000
   San Francisco, CA 94111
4  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
5
   Attorneys for Defendants
6  THE REGENTS OF THE UNIVERSITY OF
   CALIFORNIA (erroneously sued as
7  INSTITUTE OF GOVERNMENTAL STUDIES
   AT THE UNIVERSITY OF CALIFORNIA AT
8  BERKELEY) and NICK ROBINSON

9  KEITH GALIANO
   132 Upland Circle
10 Corte Madera, CA
   Telephone: (415) 924-0849
11
   Plaintiff Pro Se
12

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15 KEITH GALIANO,                    )  CASE NO. C07 05557 SBA
                                     )
16              Plaintiff,           )  **JOINT CASE MANAGEMENT**
                                     )  **CONFERENCE STATEMENT**
17      vs.                          )
                                     )  Date: June 17, 2008
18 INSTITUTE OF GOVERNMENTAL STUDIES AT )  Time: 1:00 p.m.
   THE UNIVERSITY OF CALIFORNIA AT   )  Courtroom: 3, 3rd Floor
19 BERKELEY, an unincorporated association, NICK )  Judge: Hon. Saundra B. Armstrong
   ROBINSON, DOES 1-5, inclusive     )
20                                   )
                Defendants.          )
21

22

23      Plaintiff KEITH GALIANO and Defendants THE REGENTS OF THE UNIVERSITY

24 OF CALIFORNIA and NICK ROBINSON hereby submit the following Joint Case Management

25 Statement:

26      1. <u>Jurisdiction and Service.</u>  Plaintiff asserts federal constitutional claims under 42

27 U.S.C. § 1983 and supplemental claims under state law. There are no counterclaims. There are

28 no issues with personal jurisdiction, venue or service.

-1-

2. <u>Facts</u>. Plaintiff is a graduate of UC Berkeley who made regular use of the Institute of Governmental Studies (IGS) Library, located on campus. On July 16, 2007, after plaintiff asked another patron to be quiet, he was approached by the library's director, Nick Robinson, who told plaintiff that the library preferred that such requests not be made directly to other patrons but presented to library staff. A disagreement ensued, and Mr. Robinson directed plaintiff to leave the library or the police would be called. Plaintiff left as ordered. Plaintiff returned to the library for a short time on July 23, 2007. Upon leaving, he was detained by campus police. When plaintiff produced identification, the police discovered an outstanding bench warrant and arrested him. In an e-mail of October 3, 2007, IGS director Citrin told plaintiff he could use the library but that IGS preferred that requests about quiet and the like be handled by library staff.

3. <u>Factual and Legal Issues</u>.

- Whether the IGS is subject to suit or must be sued as The Regents of the University of California.
- Whether the IGS' policies governing speech by patrons are constitutional.
- Whether plaintiff violated IGS' policy.
- Whether Mr. Robinson's request that plaintiff leave the library violated the Constitution.
- Whether any actions taken by Mr. Robinson upon plaintiff's return to the library violated the Constitution.
- Whether Mr. Robinson is entitled to qualified immunity.
- Whether any conduct by Mr. Robinson violated California Civil Code § 52.1.

The issues may change depending on the nature of the defense offered.

4. <u>Motions</u>. Defendants' Motion to Dismiss will be heard immediately prior to this Conference. If denied, Defendants intend to move for Summary Judgment following discovery. Plaintiff intends to move for partial summary judgment on liability, and for a preliminary injunction, after hearing on the motion to dismiss, irrespective of discovery.

5. <u>Amendment of Pleadings</u>. Plaintiff may add individual defendants, depending on the results of discovery. Such addition would not significantly enlarge the issues. Also, plaintiff is attempting to secure counsel, who may wish to add defendants and/or claims.

6. <u>Evidence Preservation</u>. Defendants have gathered and preserved documents related to plaintiff's claims. Plaintiff is not in possession of material whose disclosure is required. Plaintiff requests preservation of any communication evidencing any opinion about plaintiff's use of the IGS library.

7. <u>Disclosures</u>. The parties will complete their Initial Disclosures following the hearing on Defendants' Motion to Dismiss.

8. <u>Discovery</u>. The parties anticipate written discovery and depositions within the limits provided by the FRCP.

9. <u>Class Action</u>. Not applicable.

10. <u>Related Cases</u>. None.

11. <u>Relief</u>. Plaintiff seeks a declaration that the IGS' policies concerning patron complaints are unconstitutional and that plaintiff's free speech rights were violated; preliminary and permanent injunctions against further application of those policies, against further retaliation, and requiring restoration of plaintiff to all library privileges available as of July 16, 2007; economic and non-economic damages, statutory damages, statutory penalties; exemplary damages; prejudgment interest; attorney's fees; costs.

12. <u>Settlement and ADR</u>. If Defendants' Motion to Dismiss is denied, Defendants are willing to participate in Early Neutral Evaluation (ENE). Plaintiff considers the matter amenable to disposition on summary judgment even before discovery, and asks to postpone any ADR until after hearing on his motion.

13. <u>Consent to Magistrate</u>. Plaintiff declined to consent.

14. <u>Other References</u>. Not applicable.

15. <u>Narrowing of Issues</u>. If Defendants' Motion to Dismiss is denied, Defendants are amenable to discussing narrowing the issues. Plaintiff is unaware of what "narrowing" would entail in this already-quite-simple case.

16. <u>Expedited Schedule</u>.  A shorter trial calendar is likely possible due to the limited factual issues.  Plaintiff believes that the matter is suitable for trial immediately following decision on plaintiff's motion for summary judgment, i.e. as early as October 31, 2008.

17. <u>Scheduling</u>.  The parties propose the following dates:

| | |
|---|---|
| Non-Expert Discovery Cutoff | September 30, 2008 |
| Designation of Experts | October 10, 2008 |
| Expert Discovery Cutoff | October 24, 2008 |
| Dispositive Motions Filed By | November 21, 2008 |
| Pretrial Conference | January 16, 2009 |
| Trial Date | January 30, 2009 |

18. <u>Trial</u>.  Plaintiff requests a jury.  Defendant reserves.  The parties anticipate three (3) court days for trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>.  None.

Dated:   June 6, 2008

/s/
KEITH GALIANO
Plaintiff Pro se

Dated:    June 6, 2008         GORDON & REES, LLP


By:  /s/
Michael A. Laurenson
Attorneys for Defendants
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA (erroneously sued as INSTITUTE OF GOVERNMENTAL STUDIES AT THE UNIVERSITY OF CALIFORNIA AT BERKELEY) AND NICK ROBINSON